# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50373 | **DATE** | 2/12/2003 |
| **CASE TITLE** | FORRESTVILLE vs. IL STATE BOARD OF EDUCATION | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  For the reasons stated on the reverse Memorandum Opinion and Order, Alex and Beth's motion to strike or dismiss is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

# MEMORANDUM OPINION AND ORDER

Plaintiff, Board of Education of Forrestville Valley Community Unit School District No. 221 ("District"), filed this action for judicial review of a decision and order issued by a special education hearing officer appointed by one of the defendants, the Illinois State Board of Education, concerning another defendant, Alex R., a student in plaintiff's school system. Beth R., the remaining defendant, is Alex's mother. The court has jurisdiction pursuant to 20 U.S.C. § 1415 (i) (3) (A) and 28 U.S.C. § 1331. Alex and Beth move to strike, or dismiss pursuant to Fed. R. Civ. P. 12 (b) (6), paragraphs 29 to 33 of plaintiff's complaint for judicial review.

A motion to dismiss pursuant to Rule 12 (b) (6) is for failure to state a claim upon which relief can be granted and a 12 (b) (6) motion is only granted if it appears plaintiff could prove no set of facts on which it would be entitled to relief. See Midwest Gas Services, Inc. v. Indiana Gas Co. Inc., No. 01-2727, 2003 WL 147697, *3 (7th Cir. Jan. 22, 2003). Plaintiff's complaint asks for judicial review and reversal of the decision and order of the hearing officer. If, as plaintiff's complaint alleges, the hearing officer's decision was contrary to the evidence, the law, and beyond the scope of her jurisdiction and authority (Compl. ¶ 37), plaintiff would be entitled to relief. The existence of the allegations in paragraphs 29 to 33 of the complaint has no impact on whether a claim has been stated. These allegations do not "plead plaintiff out of court" by setting forth facts that show plaintiff could not be entitled to relief. See Thompson v. Ill. Dept. of Prof'l Regulation, 300 F.3d 750, 753 (7th Cir. 2002). While Alex and Beth argue plaintiff has failed to exhaust its administrative remedies as to the facts alleged in these paragraphs, the claim before the court is that the decision of the hearing officer was contrary to the evidence, the law, and beyond the scope of her jurisdiction and authority and should be reversed. There is no dispute that the claim for judicial review of the hearing officer's decision is properly before the court. Alex and Beth's 12 (b) (6) motion is denied.

As plaintiff notes, Alex and Beth's motion seems more properly to be considered as a motion to strike under Fed. R. Civ. P. 12 (f). Rule 12 (f) allows the court to strike "any redundant, immaterial, impertinent, or scandalous matter" in a pleading. Alex and Beth ask the court to strike paragraphs 29 to 33 of the complaint because they allege facts beyond the scope of the hearing officer's decision. In a system of notice pleading, complaints initiate "litigation but recede into the background as the case progresses." Ross Bros. Constr. Co. v. Int'l Steel Serv., Inc., 283 F.3d 867, 873 (7th Cir. 2002), quoting, Bartholet v. Reishauer A.G. (Zurich), 953 F.2d 1073, 1078 (7th Cir. 1992). The complaint has provided Alex and Beth with notice of plaintiff's claim. Whether the evidence supporting the facts alleged in paragraphs 29 to 33 of the complaint should be considered in this proceeding is a matter to be resolved at a later stage. The decision to admit or exclude this evidence is unaffected by whether or not paragraphs 29 to 33 are in the complaint. Striking these paragraphs would serve no purpose in moving the case toward resolution.

For the foregoing reasons, Alex and Beth's motion to strike or dismiss is denied.